IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jimmy Dickerson, #157113, | ) | Civil Action No.: 6:06-2555-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Ms. Doris Franklin; and | ) | |
| Florence County Detention Center, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Jimmy Dickerson, proceeding pro se, filed this action on September 14, 2006. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge William M. Catoe, for pretrial handling. On June 1, 2006, the Magistrate Judge filed a Report and Recommendation which recommends to this court that the plaintiff's case be dismissed without prejudice and without issuance and service of process.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

On November 6, 2006, the plaintiff filed a letter with the Clerk of Court. The letter was filed

after the deadline for filing objections to the Report and Recommendation. However, under the prison mailbox rule, it will be considered timely by this Court since it was delivered to the prison mail room on November 1, 2006. Nevertheless, the letter does not state that it is intended to be objections.

In the event the plaintiff's filing could be construed as an objection, it does not meet the specificity requirement outlined in Rule 72(b) of the Federal Rules of Civil Procedure.[1] Particularly, the plaintiff has not pointed to a portion of the Magistrate Judge's Report and Recommendation to which he objects. Without specific objection to the Magistrate Judge's reasoning, the court will not discuss the conclusions reached by the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C) (If a party objects, the district court "shall make a de novo determination of those portions of the report or *specified* proposed findings or recommendations to which objection is made") (emphasis added); see also Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives further review). For the reasons stated above, the court finds that the plaintiff's letter, construed as an attempt to file an objection to the Magistrate Judge's Report and Recommendation, is without merit.

The Court further finds that the action is subject to dismissal under the provisions of 28 U.S.C.

---

[1] Rule 72(b) states:

> Within ten days after being served with a copy of the recommended disposition, a party may serve and file **specific, written objections to the proposed findings and recommendations**. . . . The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of **any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule**.

Fed.R.Civ.P. 72(b) (emphasis added).

§ 1915(g), as the plaintiff has filed at least three prior frivolous claims or claims which fail to state a cause of action in this Court.

After carefully reviewing the Report, letter construed as an attempted objection, pleadings, and applicable law, the court adopts the Report and Recommendation of the Magistrate Judge, incorporates it herein, and overrules any objections. For the reasons stated therein and in this Order, this case is hereby **DISMISSED**, pursuant to 28 U.S.C. § 1915, without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

Florence, South Carolina  
November 17, 2006